IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) DAVID SWARTZ and<br>(2) LINDSEY SWARTZ | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.  CIV-15-905-R |
| (1)  USAA CASUALTY INSURANCE<br>COMPANY a/k/a the UNITED STATES<br>AUTOMOBILE ASSOCIATION (USAA) | ) ) ) ) | (*Removed from District Court<br>of Lincoln County<br>Case No. CJ-2014-139*) |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant USAA Casualty Insurance Company ("USAA CIC"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Lincoln County, Oklahoma, to the United States District Court for the Western District of Oklahoma.  The grounds for removal are as follows:

1.     Plaintiffs commenced this action entitled *David Swartz and Lindsey Swartz v. USAA Casualty Insurance Company a/k/a the United States Automobile Association (USAA)*, Case No. CJ-2014-139 (the "Action"), by filing a Petition with the District Court of Lincoln County, Oklahoma (the "Petition"), on September 18, 2014.  Plaintiffs filed an Amended Petition on December 18, 2014 (the "Amended Petition").

2.     The Amended Petition purports to state claims against USAA CIC for breach of contract, breach of fiduciary duty, and bad faith.

3.      The Amended Petition in the Action is attached as Exhibit 1.  A copy of the Docket Sheet, Lincoln County, Case No. CJ-2014-139, is attached as Exhibit 2, pursuant to LCvR81.2.  Pursuant to 28 U.S.C. 1446 (a), USAA CIC has attached all process, pleadings, and orders as Exhibits 3-1 to 3-10.  The only matter currently pending before the District Court of Lincoln County is a Joint Motion to extend discovery and related deadlines, including the pretrial conference and jury trial dates currently set.  USAA CIC will promptly give written notice of the filing of this Notice of Removal to all known counsel of record, and will likewise file a copy of this Notice of Removal with the District Court of Lincoln County, Oklahoma.

4.      On August 19, 2015, Plaintiffs filed a Dismissal Without Prejudice of Defendant Derek Bobby Moates.  [Exhibit 3-10.  Derek Bobby Moates is a citizen of Oklahoma, and his joinder as a party thwarted complete diversity of citizenship.  With his dismissal, the case has become removable.  Pursuant to 28 U.S.C. § 1446(b)(3), the initial pleading was not removable, but this Notice of Removal is filed within thirty days after receipt by USAA CIC of the Dismissal, from which it may be ascertained that the case has become removable.  The Notice of Removal is therefore timely.

5.      As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because USAA CIC has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

I.      **USAA CIC has satisfied the procedural requirements for removal.**

6.      Pursuant to 28 U.S.C. § 1446(b)(3), the initial pleading was not removable, but this Notice of Removal is filed within thirty days after receipt by USAA CIC of the Dismissal Without Prejudice of Defendant Derek Bobby Moates.  [Exhibit 3-10].  It may be ascertained from the Dismissal that the case has become removable.  This Notice was filed within 30 days of receipt of the Dismissal, and is therefore timely filed under 28 U.S.C. § 1446(b)(3).

7.      This Notice of Removal is filed within one year after the commencement of this action, and is therefore timely.

8.      Under 28 U.S.C. § 1446(a), the United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Lincoln County, Oklahoma, where the Action is pending.  *See* 28 U.S.C. § 116(c).

9.      Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

II.     **Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

10.     This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states.  Thus, the Action may be removed to this Court by USAA CIC pursuant to 28 U.S.C. § 1441(a).

A.      **The amount in controversy requirement is satisfied.**

11.     Although Plaintiffs' Amended Petition does not seek an amount in excess of $75,000, it is apparent that the amount in controversy is in excess of $75,000, exclusive of interest and costs, for the purposes of diversity jurisdiction.  Plaintiffs have failed to comply with the Oklahoma Pleading Code, which requires that a pleading demanding relief for damages in excess of the amount required for diversity jurisdiction "set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction," except in actions sounding contract, and that pleadings demanding less than the amount required for diversity jurisdiction "shall specify the amount of such damages sought to be recovered."  Okla. Stat. tit. 12, § 2008(A)(2).

12.     Plaintiffs "cannot avoid removal merely by declining to allege the jurisdictional amount." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008). "This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *Id.*

13.     Defendants seeking removal need only prove – by a preponderance of the evidence – "jurisdictional *facts* that make it *possible* that $75,000 [is] in play." *Id.* Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake.  *Id.* at 954.

14.     One method of demonstrating the amount in controversy is reference to a plaintiff's settlement demands.  Here, Plaintiffs' settlement demand is in the amount of $162,000.  *See* Ex. 4; *see also* Declaration of Jason A. McVicker, Ex. 5, ¶ 3.  Plaintiffs' settlement demand is well in excess of $75,000, which satisfies the jurisdictional inquiry

for the purposes of removal. *McPhail*, 529 F.3d at 956. Plaintiffs cannot deny that the amount in controversy requirement is satisfied when their own evaluation of the case exceeds the threshold.

15.    Additionally, a defendant may rely on the estimate of potential damages from the allegations in the Complaint. *Id.* at 955. Plaintiffs seek attorney fees and punitive damages, which can both be included in the amount in controversy where authorized by state law. *E.g. Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1340 (10th Cir. 1998) (attorney fees includable); *see also Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").

16.    Under Oklahoma law, punitive damages are recoverable in tort claims like Plaintiffs'. Okla. Stat. tit. 23, § 9.1. Accordingly, the risk of punitive damages increases the amount in controversy over and above the dollar amount pled.

17.    Additionally, although Plaintiffs have not specified the law under which they seek attorney fees, pursuant to Okla. Stat. tit. 12, § 2011(B), their attorney certified by signing the Amended Petition that the contention was warranted by existing law or by a non-frivolous argument for the modification of existing law. In fact, it appears Plaintiffs seek an award of attorney fees as a substantive component of their claimed damages.

18.    Plaintiffs' assertions regarding damages demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

19.     Once the underlying jurisdictional facts are established, a defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake.  *McPhail*, 529 F.3d at 954.   Accordingly, since the jurisdictional threshold is satisfied, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

**B.     Complete diversity of citizenship exists between Plaintiff and USAA CIC.**

20.     USAA CIC is a corporation incorporated in Texas with its principal place of business in Texas.  *See* Ex. 5, Declaration of Jason A. McVicker.  For purposes of determining diversity jurisdiction, USAA CIC is therefore a citizen of Texas.

21.     Plaintiffs are both residents of Oklahoma.   *See* Ex. 6 Redacted Driver's Licenses.  Residence is prima facie evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Domicile is equivalent to citizenship for purposes of diversity jurisdiction.  *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006).  Based on the foregoing, Plaintiffs are citizens of Oklahoma.

22.     USAA CIC reserves the right to amend or supplement this Notice of Removal.

23.     USAA CIC reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

24.     Written notice of the filing of this Notice of Removal will be given to Plaintiffs and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, USAA CIC removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 21day of August, 2015.

s/ Jason McVicker
Jodi W. Dishman, OBA # 20677
Jason McVicker, OBA # 31150
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:   (405) 235-0439
E-mail:      jodi.dishman@mcafeetaft.com
             jason.mcvicker@mcafeetaft.com

ATTORNEYS FOR DEFENDANT USAA
CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 21 day of August, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Rick Bisher
Ryan Bisher Ryan Phillips & Simons
4323 NW 63rd St., Suite 110
Oklahoma City OK  73116

ATTORNEYS FOR PLAINTIFFS

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 21 day of August, 2015, to:

Rick Bisher

Ryan Bisher Ryan Phillips & Simons
4323 NW 63rd St., Suite 110
Oklahoma City OK  73116


ATTORNEYS FOR PLAINTIFFS

*/s/ Jodi W. Dishman*
Jodi W. Dishman