# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID SWARTZ and <br> LINDSEY SWARTZ, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No. CIV-15-905-R |
| USAA CASUALTY INSURANCE <br> COMPANY, a/k/a UNITED <br> STATES AUTOMOBILE <br> ASSOCIATION (USAA), | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs have filed a "Motion to Dismiss and for Order of Remand," Doc. No. 12, in which they assert that the amount in controversy does not exceed $75,000, exclusive of interest and costs, based on either a hypothetical estimate of their damages or Defendant's CIC estimate of the value of the total loss of Plaintiff's vehicle. However, in Defendant's Amended Notice of Removal, Defendant states that Plaintiffs' settlement demand was $162,000[1] and have submitted evidence thereof. Furthermore, in this bad faith action, Plaintiffs seek punitive damages and attorney's fees. Finally, Plaintiffs did not comply with the Oklahoma State, Okla. Stat. tit. 12, § 2008(A)(2), requiring them to either 1) plead an amount in controversy required for diversity jurisdiction or 2) plead a specific amount below the threshold. The Court finds that Defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs, and that

---

[1]It is irrelevant that the settlement demand has now been withdrawn.

Plaintiffs have failed to prove to a legal certainty that the amount in controversy at the time of removal did not exceed the jurisdictional amount. *Compare with McPhail v. Deere & Co.*, 529 F.3d 947, 952-57 (10th Cir. 2008). Accordingly, Plaintiffs' motion to dismiss and for remand must be and is DENIED.

IT IS SO ORDERED this 14th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE